# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE HANEY,<br><br>        Plaintiff,<br><br>      v.<br><br>F. BRASWELL et al.,<br><br>        Defendants. | CASE NO. 1:10-cv-01140 LJO GSA PC<br><br>FINDING AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading
7  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9  of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11 **II.     Plaintiff's Claims**

12        Plaintiff, an inmate in the custody of the California Department of Corrections and
13 Rehabilitation (CDCR) at CSP Sacramento, brings this civil rights action against defendant
14 correctional officials employed by the CDCR at Corcoran State Prison.  Plaintiff names as
15 defendants Correctional Officers Braswell and Delanda.

16        Plaintiff's sole claim in this action is that he was deprived of his evening meal on January
17 11 and 12, 2007.  Plaintiff claims that such conduct constituted cruel and unusual punishment in
18 violation of the Eighth Amendment.  Plaintiff also claims that the deprivation deprived him of equal
19 protection in violation of the Due Process Clause of the Fourteenth Amendment.

20        Plaintiff specifically alleges that at the beginning of Defendant Braswell's shift, he
21 approached Plaintiff's cell and told Plaintiff that he was going to punish him for asking an officer
22 during an earlier shift why he pushed him during an escort to the law library.  Plaintiff alleges that
23 when he was passing out the dinner trays, Braswell intentionally passed his cell.

24        Plaintiff further alleges that Braswell refused to give Plaintiff his dinner on the above
25 occasions "as a result of racial prejudice towards me as an African American."  Plaintiff alleges that
26 he asked Braswell why he did not receive his meal, and Braswell told him that it was because he said
27 something disrespectful to a white female.  Plaintiff alleges that a white inmate housed next to him
28 was charged with a disciplinary violation for indecent exposure, exposing himself to a white female

correctional officer while Braswell was on duty. Braswell served that inmate his dinner. Plaintiff's allegation is stated as follows "Defendant Braswell heritage racial conscious compelled him to feed the white inmate, but the defendant did not feed me for two days for a lesser alleged verbal offense. I was subjected to racial profiling by Defendant Braswell" (Compl. p. 5.). This is too conclusory.

### A. Eighth Amendment

For an Eighth Amendment claim for cruel and unusual punishment, Plaintiff must allege facts indicating that (1) there was a denial of "the minimal civilized measure of life's necessities" which (2) was caused by prison officers' "deliberate indifference" to Plaintiff's health or safety. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). To determine whether there has been a denial of the minimal civilized level of life's necessities, the court conducts an objective inquiry: was the deprivation sufficiently serious? The court conducts a subjective inquiry to determine whether the prison official acted with a sufficiently culpable state of mind; that is, with deliberate indifference to the health or safety of the prisoner. Wilson, 501 U.S. at 302-03. To establish an officer's deliberate indifference, a prisoner must show that (1) the officer was aware of the risk to the prisoner's health or safety, and (2) the officer deliberately disregarded that risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009). Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. Id. at 835.

The Eighth Amendment protects a prisoner's right to receive food "adequate to maintain health." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). The Ninth Circuit has held that a denial of 16 meals in 23 days "is a sufficiently serious deprivation because food is one of life's basic necessities." Foster, 554 F.3d at 812-13. Other cases finding a sufficiently serious deprivation involve the plaintiff being deprived of food entirely for more than two consecutive days. See Dearman v. Woodson, 429 F.2d 1288, 89 (10th Cir. 1970)(no food for 50+ hours); Cooper v. Sheriff of Lubbock Co., 929 F.2d 1078, 1082-83 (5th Cir. 1991)(no food for twelve days); Reed v. McBride, 178 F.3d 849, 53 (7th Cir. 1999)("infirm" plaintiff did not receive food for 3-4 days at a time); Robles v. Coughlin, 725 F.2d 12, 16 (2d. Cir. 1983)(no food for 12 days, some consecutive, out of 53 day period). In another case, the court found that depriving a plaintiff of four consecutive meals in two

days is a sufficiently serious deprivation. Simmons v. Cook, 154 F.3d 805, 809 (8th Cir. 1998).

Here, Plaintiff alleges, at most, that he was deprived of dinner on two consecutive days. There are no allegations that officers on any other shifts deprived Plaintiff of his meals, or that Plaintiff did not have any access to food as a result of Defendant Braswell's conduct, such that it constituted an Eighth Amendment violation as defined above. Simply put, a denial of dinner two days in a row does not constitute a constitutional violation. Further, the Court finds that this deficiency can not be cured by amendment. Plaintiff was specific in his allegation that the conduct occurred on two specific days. There is therefore no ambiguity as to the amount of time the deprivation occurred. Further, there is no allegation that Defendant Braswell worked all three shifts, and could therefore have deprived Plaintiff of all meals.

**B.     Equal Protection**

A section 1983 plaintiff alleging an equal protection violation must prove that: (1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification. Moua v. City of Chico, 324 F.Supp.2d 1132, 1137 (E.D. Cal. 2004); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)(a section 1983 plaintiff alleging denial of equal protection "must show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class."); Van Pool v. City and County of San Francisco, 752 F.Supp. 915, 927 (N.D. Cal. 1990)(section 1983 plaintiff must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law).

Plaintiff's equal protection claims fail because Plaintiff has failed to identify others who were treated differently under the ordinances. See Christian Gospel Church, Inc., v. City and County of San Francisco, 896 F.2d 1221, 1226 (9th Cir. 1990)('[Any] equal protection argument requires the existence of at least two classifications of persons which are treated differently under the law." (internal quotation marks and citation omitted)).   That the white inmate received a punishment for an offense does not subject Braswell to liability. Plaintiff does not allege any facts suggestion that

Defendant Braswell, a correctional officer, had any authority to conduct a disciplinary hearing or render judgment and sentence in a disciplinary proceeding. Plaintiff does not allege any facts indicating that other African American inmates were deprived of their meal by Defendant Braswell. Simply put, Braswell refused to serve Plaintiff, and no other inmates, dinner on two separate occasions. Such conduct, whatever the motivation, while improper, is not unconstitutional.

### III.     Conclusion and Recommendation

Plaintiff fails to allege facts that state a claim for relief. Accepting as true Plaintiff's allegation that Braswell deprived Plaintiff of his dinner for two days in a row, such conduct does not constitute an Eighth Amendment violation. Plaintiff's allegations indicate that he was the only inmate deprived of his dinner for two days. There are no facts alleged that would support a claim that similarly situated individuals were treated differently on account of race. Because the Court finds that these deficiencies are not capable of being cured by amendment, the Court will recommend dismissal with prejudice. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 21, 2013**                    **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE